UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-257-RJC

| GREGORY LYNN GORDON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| BRIAN CLAYTON HUNCKE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff Gregory Lynn Gordon's Complaint under 42 U.S.C. § 1983, originally filed on February 27, 2011 in the Eastern District of North Carolina. (Doc. No. 1). By Order dated May 24, 2011, such action was transferred to this Court. (Doc. No. 6). This Court also performs an initial review of Plaintiff's Motion to Amend Complaint and Amended Complaint, (Doc. Nos. 14; 15), Plaintiff's Motion for Counsel, (Doc. No. 3), Plaintiff's Motion for Amercement, (Doc. No. 4), Plaintiff's Motion for Injunction, (Doc. No. 5), and Plaintiff's Motion for Copies, (Doc. No. 16).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In his Complaint, (Doc. No. 1), and Amended Complaint, (Doc. No. 15), Plaintiff contends that Union County detectives, Union County police officers, the Union County Sheriff and Sheriff's Department, and attorney Miles Helms violated his constitutional rights.[1] Plaintiff contends that on July 26, 2010, while he was on suicide watch in the Union County Jail, Keziah

---

[1] Specifically, Plaintiff names Brian Clayton Huncke ("Huncke"), Union County Detective Brian Wayne Keziah ("Keziah"), Union County Sheriff Eddie Cathey ("Sheriff Cathey"), the Union County Sheriff's Department, and Attorney Miles Helms ("Attorney Helms") in his initial Complaint, (Doc. No. 1), and Trooper C.D. Ingram ("Ingram"), Trooper J.C. Luke ("Luke"), Master Trooper A.E. Barnes ("Barnes") and UCSD Detective Sergeant Helms ("Detective Helms") in his Amended Complaint, (Doc. No. 15).

and Huncke came to interview him. (Doc. No. 15 at 2). Plaintiff waived his right to counsel, signed a Miranda form, and agreed to speak with the detectives. (Id.). During the interview, Plaintiff had a diabetic attack which required a shot of insulin. (Id.). Keziah and Huncke terminated the interview at this point. (Id.).

Plaintiff requested to speak with Keziah and Huncke again and the detectives returned to the jail to resume their interview. (Id.). Keziah and Huncke subsequently signed Plaintiff out of jail to assist with their investigation.[2] (Id.). Plaintiff, who was fully cuffed and restrained by a waist chain, was placed in the front seat of Keziah's vehicle. (Doc. Nos. 1 at 3; 15 at 2, 5; 1-1). Plaintiff contends he was not wearing a seatbelt.[3] (Doc. No. 15 at 4).

Plaintiff states that he became ill during the car ride and Huncke stopped at a convenience store to purchase him green tea. (Doc. No. 1 at 4). Plaintiff claims this was negligent because green tea was not what Plaintiff needed for his condition. (Id.). Plaintiff states that he then experienced a series of illness-related symptoms which culminated in a car accident.[4] (Id.). Following the accident, Plaintiff went to the emergency room where hospital personnel administered insulin and intravenous fluids. (Id. at 5).

Plaintiff concedes that he "do[es] not have any memory of the events of July 26, 2010,

---

[2] Plaintiff contends that the officers illegally transported him without a warrant from the Union County Jail to South Carolina. (Doc. No. 1 at 5). In Huncke's Case Supplemental Report, however, which Plaintiff attached to his Complaint, Huncke stated that Plaintiff agreed to show the detectives where he took the stolen property at issue and Huncke signed a form allowing him to remove Plaintiff from the jail. (Doc. No. 1-1).

[3] Huncke indicated in the Case Supplemental Report, attached to Plaintiff's Complaint, that he placed Plaintiff in the front seat and secured his seat belt. (Doc. No. 1-1).

[4] Plaintiff states that "Detectives alleged that I grabbed the steering wheel turning the car into oncoming traffic" and that he "head butted Det. Keziah." (Doc. No. 1 at 4). Plaintiff disputes that he caused the accident. (Id.).

not even signing his name." (Doc. No. 15 at 5). But Plaintiff argues that Huncke and Keziah violated his constitutional rights by illegally transporting him from the jail without a warrant, denying him "proper medical treatment for a very serious illness . . . with deliberate indifference to life threatening medical needs," and diagnosing him with "'diabetic throat blisters' without a medical evaluation" and determining that green tea "was the proper medical treatment" despite the fact that earlier that day his symptoms required an insulin shot. (Doc. No. 1 at 4- 5).

Plaintiff alleges that Ingram, with support from Luke and Barnes, failed to cite Keziah for the car accident despite "two state law violations [sic] speeding and two passengers not wearing seatbelts in our click it or ticket state." (Doc. No. 15 at 4-5). Plaintiff further contends that this was all done with Sheriff Cathey's knowledge and support. (Id.). Finally, Plaintiff alleges that his attorney, Miles Helms, was aware of these events and was negligent in not revealing such information to the court. (Doc. No. 1 at 6).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1, 10 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, 28 U.S.C. § 1915A directs the court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The Court has conducted an initial review of Plaintiff's Complaint and Amended Complaint and has determined that Plaintiff's Complaint and Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III. DISCUSSION

### A. Motion to Amend Complaint

Federal Rule of Civil Procedure 15 allows a Plaintiff to amend his pleading "once as a matter of course" within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Here, Plaintiff filed his original complaint in the Eastern District of North Carolina on February 16, 2011. (Doc. No. 1). The case was transferred to this district on May 24, 2011. (Doc. No. 7). On July 5, 2011, Plaintiff filed an amended complaint, seeking to add four new defendants to his lawsuit. (Doc. No. 15). No defendant has been required to file a responsive pleading as of the date of this Order. Because Plaintiff seeks to add new parties, Federal Rule of Civil Procedure 21 also governs Plaintiff's motion. Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The Court has considered the motion and concludes that pursuant to Rules 15 and 21, Plaintiff's Motion to Amend Complaint should be granted.

### B. Motion for Appointment of Counsel

Plaintiff asks that this Court appoint him counsel because he cannot afford counsel and because this case is complicated and may involve conflicting testimony. (Doc. No. 3). The appointment of counsel under 28 U.S.C. § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Counsel should be appointed only in "exceptional circumstances." Id. The existence of "exceptional circumstances" depends

4

upon two factors: type and complexity of the case and ability of the pro se litigant to present his case. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States District Court, 490 U.S. 296, 309 (1989). This is not a complex case and Plaintiff is adequately representing himself. Plaintiff's motion is denied.

    C.    **Section 1983 Claims**

        1.    **Sheriff Cathey**

Plaintiff contends that Huncke and Keziah acted with Sheriff Cathey's knowledge. However, Plaintiff does not allege any personal conduct by Sheriff Cathey. Therefore, it appears Plaintiff has named Sheriff Cathey because he is the Union County Sheriff and presumably oversees the Union County detectives. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of the defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 50 (1991). Here, there are no allegations in Plaintiff's Complaint alleging personal conduct by Sheriff Cathey or that any other defendant acted pursuant to Sheriff Cathey's policies or customs. Plaintiff's claims against Sheriff Cathey are dismissed.

        2.    **Union County Sheriff's Office**

The Union County Sheriff's Office is not a legal entity that is amendable to suit under § 1983. Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a

cognizable legal entity separate from the Sheriff in his official capacity and the county government . . . ."). Plaintiff cannot state a claim upon which relief may be granted against this defendant. Accordingly, Plaintiff's claims against the Union County Sheriff's Office must be dismissed.

   **3. Attorney Helms**

The law is well settled that a defense attorney, whether privately retained or court-appointed, is not amenable to suit under § 1983 because defense counsel is not acting under color of law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (affirming dismissal of § 1983 action against court-appointed attorney as lacking "state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against privately retained counsel). However, an attorney who conspires with state officials to violate constitutional rights acts under color of state law. Tower v. Glover, 467 U.S. 914, 920 (1984). To plead and later prove such a conspiracy, a plaintiff must show an agreement or a meeting of the minds to violate constitutional rights; mere cooperation in an official investigation is insufficient to show conspiracy. John Hancock Mut. Life Ins. Co. v. Anderson, No. 90-1749, 1991 WL 99073, at *3 (4th Cir. July 15, 1991), citing Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983). Here, Plaintiff's claim that Attorney Helms "conspired with detectives and prosecutors to cover-up negligence unconstitutionally, unlawfully" is conclusory and without support. (Doc. No. 1 at 5); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (factual allegations must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a

speculative level"). Therefore, Attorney Helms is dismissed.

   4.   **Detective Helms**

Plaintiff names "UCSD Detective Sgt. Helms (full name unknown)" in his Amended Complaint, (Doc. No. 15 at 1, 2), but does not assert any allegations against him. Therefore, Detective Helms is dismissed.

   5.   **Ingram, Luke and Barnes**

Plaintiff alleges that Ingram, with support from Luke and Barnes, failed to cite Keziah for the car accident despite "two state law violations [sic] speeding and two passengers not wearing seatbelts in our click it or ticket state." (Doc. No. 15 at 4-5). Plaintiff does not connect his claim to any constitutional right and the Court cannot identify any cognizable claims based on the facts alleged. Therefore, as Plaintiff has not stated any constitutional violations by Ingram, Luke and Barnes, those defendants are dismissed.

   6.   **Huncke and Keziah**

      a)   **Fourth Amendment Claim**

Plaintiff contends that Union County Detectives Huncke and Keziah unlawfully removed him from the Union County Jail without a warrant while he was on suicide watch.[5] (Doc. No. 1 at 5). Plaintiff does not dispute that he engaged in two interviews with Huncke and Keziah, signed a Miranda form, and agreed to assist the detectives in their investigation. (Doc. No. 15 at 2). Plaintiff also does not dispute that Huncke signed him out of the Union County Jail. (Id.). Plaintiff simply contends that Huncke did not have a warrant to remove him from the jail. (Doc. No. 1 at 5). However, a warrant is not required in this instance. Therefore, Plaintiff's claim that

---

[5] There is no allegation in the Complaint or Amended Complaint that Huncke and Keziah knew Plaintiff was on suicide watch.

Huncke and Keziah unconstitutionally removed him from the Union County Jail without a warrant is dismissed.

### b) Eighth Amendment Claim

Plaintiff contends that Huncke and Keziah were negligent in giving him green tea to drink because green tea was not the appropriate remedy for his illness. (Doc. No. 1 at 5). In support of his claim, Plaintiff states that when he went to the emergency room after the car accident, hospital personnel administered insulin and intravenous fluids. (Doc. No. 1 at 4). His emergency room records indicate "blood-glucose, hyperglocimic status, extremely high." (Id.). Plaintiff also alleges that Huncke and Keziah refused to seek assistance from an "ambulance or hospital" and refused to provide him with "meaningful medical assistance." (Id.).

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. Additionally, simple negligence is not a constitutional deprivation. Estelle, 429 U.S. at 105-106.

Plaintiff's contentions that Huncke and Keziah purchased green tea for him to drink

when he "became ill"[6] do not rise to the level of indifference to serious medical needs. Id. at 104. First, Plaintiff fails to provide sufficient factual detail regarding his illness for the Court to assess whether his medical need was indeed serious. See (Doc. No. 1 at 3-4). Second, the detectives' reaction to Plaintiff's illness was not "so grossly incompetent, inadequate or excessive as to shock the conscience." Miltier, 896 F.2d at 851.

Plaintiff also alleges that Huncke and Keziah refused to seek assistance from an "ambulance or hospital" and refused to provide him with "meaningful medical assistance." (Doc. No. 1 at 4). It appears based on Plaintiff's contentions, however, that soon after Plaintiff became ill, he and the detectives were involved in a car accident. See (Doc. No. 1 at 4). Following the car accident, Plaintiff states, he went to the emergency room. (Id. at 5). Based on these facts, Plaintiff has failed to allege that Huncke and Keziah knew of and disregarded an excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. at 834.

Finally, Plaintiff's contentions that Huncke and Keziah acted negligently with regard to his medical needs must fail because simple negligence is not a constitutional deprivation. Estelle, 429 U.S. at 105-106. Therefore, Plaintiff's Eighth Amendment claim must be dismissed.

### D. Motions for Amercement and Injunction

Plaintiff filed a Motion for Amercement[7] in which he "seeks that Respondent(s) and his/her or their surety or sureties remit to the Claimant the sum of [$]250,000.00 each to the

---

[6] Plaintiff stated merely: "I do not recall having my insulin injection in over 24 hrs. I believe I became ill from the lack thereof." (Doc. No. 1 at 3). In the Case Supplemental Report attached to Plaintiff's Complaint, Huncke wrote that Plaintiff "was complaining about having blisters on the back of his throat from his diabetes. [Plaintiff] asked if we could get him a Diet Green Tea." (Doc. No. 1-1).

[7] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

[Plaintiff's] address." (Doc. No. 4 at 3).  As discussed above, Plaintiff's Complaint does not state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).  Plaintiff's Motion for Amercement, seeking monetary relief resulting from Defendants' alleged wrongful conduct, is therefore denied.

Plaintiff also filed a Motion for Injunction "to stop the State of N.C. from taking U.S. legal mail at Craven Corr. Inst." (Doc. No. 5 at 1).  Plaintiff further states that "Officer Fonville went through my legal material for trial with my presents and destroyed valuable evidence I am unable to replace [as a] locked-up pro se litigant." (Id. at 1-2).  Plaintiff does not allege any facts in his Complaint, (Doc. No. 1), or Amended Complaint, (Doc. No. 15), in support of his Motion for Injunction.  While the Court must construe the facts in Plaintiff's complaints liberally, Haines, 404 U.S. at 520, it is not appropriate for it to read facts into a complaint which were not included by Plaintiff.  As Plaintiff's Complaint and Amended Complaint are dismissed for failure to state a cognizable claim, Plaintiff's Motion for Injunction is moot and denied accordingly.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED that:**

(1)     Plaintiff's Motion to Amend Complaint, (Doc. No. 14), is **GRANTED**;

(2)     Plaintiff's Amended Complaint, (Doc. No. 15), is **DISMISSED** for failure to state a claim for relief;

(3)     Plaintiff's Motion for Counsel, (Doc. No. 3), is **DENIED**;

(4)     Plaintiff's Motions for Amercement and for Injunction, (Doc. Nos. 4 and 5), are **DENIED** as moot;

(5)     Plaintiff's Motion for Copies, (Doc. No. 16), is **GRANTED**.  The Clerk is

directed to send Plaintiff a copy of his docket sheet.

Signed: September 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge